IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES JONES, § | | |
|     Plaintiff. § | | |
| § | | |
| v. § | Case No. 4:07-cv-427 | |
| § | | |
| TD AMERITRADE, INC., § | | |
|     Defendant. § | | |

**<u>ORDER OF DISMISSAL FOR WANT OF SUBJECT MATTER JURISDICTION</u>**

Before the court is plaintiff James Jones' original complaint (de #1). Because the court finds that it lacks subject matter jurisdiction over this lawsuit, the lawsuit should be DISMISSED WITHOUT PREJUDICE.

James Jones ("Plaintiff") filed this lawsuit on September 11, 2007 alleging negligence on the part of TD Ameritrade ("Defendant"). Plaintiff avers that this court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Texas, and Defendant is alleged to be a Nebraska corporation. (Compl. 1.) Plaintiff does not allege the state of Defendant's principal place of business. Plaintiff, in his sole cause of action, alleges Defendant to have negligently handled Plaintiff's money, resulting in the loss of $25,000. (*Id*. at 2.) Plaintiff seeks $25,000 in compensatory damages in addition to costs incident to this lawsuit, gains unrealized as a result of mismanaged funds, and damages for mental anguish related to the incidents that form the basis of this lawsuit. (*Id*. at 4.)

For purposes of determining the amount in controversy, the court need not consider the costs of maintaining this lawsuit. 28 U.S.C. § 1332(a) (2006). The court also need not consider Plaintiff's prayer for mental anguish damages. In the absence of personal injury, Texas law generally does not allow recovery for mental anguish damages stemming from a negligence cause

of action. *Temple-Inland Forest Prods. Corp. v. Carter*, 993 S.W.2d 88, 91 (Tex. 1999). Claims such as Plaintiff's are not among the exceptions. *Id*. From the face of Plaintiff's complaint, it "appear[s] to a legal certainty" that Plaintiff's claim is for $75,000 or less. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 869 (5th Cir. 2002). Therefore, the court is not vested with jurisdiction over the subject matter.

Based on the foregoing, the court is of the opinion that Plaintiff should be, and hereby is, DISMISSED WITHOUT PREJUDICE. All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED

**SIGNED this the 18th day of September, 2007.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE